# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRUCE WITHERS ROGERS, ) | |
|     Movant, ) | |
| ) | CIVIL ACTION NO. 1:21-221-WS-N |
| v. ) | |
| ) | CRIMINAL ACTION NO. 1:19-259-WS-N |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant Bruce Withers Rogers, a federal inmate proceeding *pro se*, initiated this civil action by filing a petition under 28 U.S.C. § 2255 dated April 26, 2021 (Doc. 55). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72. The Court previously ordered Rogers to refile his § 2255 motion using the Court's form by June 18, 2021, to proceed with this action. (Doc. 56). After he missed this deadline, the Court afforded Rogers another opportunity to file an amended § 2255 motion by August 13, 2021. (Doc. 57). On both occasions, the Court warned Rogers that if he did not refile his complaint and motion by the deadline, then the undersigned may enter a recommendation of dismissal for failure to prosecute and/or comply with a Court order. (*See* Docs. 56, 57). To date, the Court has not received Rogers's amended § 2255 motion (or any other filing).

### I. *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337

(11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, Rogers failed to comply with the Court's orders to file an amended § 2255 motion despite being given two opportunities to do so. Upon due consideration of the foregoing, and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863 (1993).

## II. *Certificate of Appealability*

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the

Rules Governing § 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337. Upon due consideration, the undersigned **RECOMMENDS** that Rogers be **DENIED** a Certificate of Appealability in conjunction with the denial of his present § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.[1]

### III. *Appeal* In Forma Pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal

---

[1] If the Court adopts the undersigned's recommendation to decline to issue Rogers a COA, he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (per curiam) (unpublished). Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Rogers of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[2]

### IV. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Rogers's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 55) dated April 26, 2021, be **DENIED** and **DISMISSED without prejudice**; that the Court find Rogers does not qualify for a Certificate of Appealability or to proceed *in forma pauperis* on appeal; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 23rd day of August 2021.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Rogers may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

4

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.